UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

HOWARD W. SCHWARTZ,

                            Debtor.
-----------------------------------------------------------------X

Case No. 18-71102 (LAS)

Chapter 7

## EX PARTE MOTION FOR AN ORDER
## AUTHORIZING BANKRUPTCY RULE 2004 EXAMINATION

      Richard L. Stern, Esq. (the "Trustee"), the chapter 7 trustee of Howard W. Schwartz (the "Debtor"), the above-referenced debtor, by and through his counsel, Macco & Stern, LLP, hereby moves the Court for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") compelling the Debtor to: (1) produce certain documents related to the a transfer of the Debtor's interest in the real property located at, and known as, 44 Cleveland Avenue, Glen Head, New York (the "Real Property"); and (2) have the Debtor appear for an examination as to same, and respectfully sets forth as follows:

### JURISDICTION AND VENUE

    1.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157(a) and 1334.

    2.      This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2).

    3.      Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

    4.      The statutory predicates for relief are Bankruptcy Rule 2004.

### BACKGROUND

    5.      On February 21, 2018 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

6. Thereafter, the Trustee was appointed the interim trustee of the Debtor's estate, and has since qualified as the permanent trustee of the Debtor's estate.

7. Upon the Trustee's review of the Petition and examination of the Debtor and the Bankruptcy Code §341 First Meeting of Creditors, Trustee learned that: (a) in or about November 2012, Joseph Bolsokov ("Joseph") and Mira Bolsokov ("Mira"), as tenants by the entirety, transferred ownership of the Real Property to the Debtor, Joseph, Mira and Isabel Schwartz ("Isabel), as joint tenants with a right of survivorship; and (b) in or about March 2017, Debtor, Joseph, Mira, and Isabel, as joints tenants with a right of survivorship, transferred the Real Property to Joseph, Mira, and Isabel, as joint tenants with a right of survivorship (the "Transfer").

8. Upon information and belief, the Debtor received no consideration for the Transfer.

9. Upon information and belief, the Transfer was within the one (1) year preceding the Petition Date to insiders of the Debtor as defined by the Bankruptcy Code.

10. Upon information and belief, the Transfer was a fraudulent conveyance within the applicable statute of limitations contained in the Bankruptcy Code and New York State Debtor and Creditor Law.

**ARGUMENT**

11. Bankruptcy Rule 2004 states, in relevant part, that "[o]n motion of any party in interest, the Court may order the examination of any entity. . . [with regard] to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to discharge." Bankruptcy Rule 2004 (a)-(b).

12. Trustee requires more information regarding the Transfer to complete his investigation.

13. The Trustee may commence adversary proceedings to: (a) avoid the Transfer under Bankruptcy Code §§544, 547, 548 and 550 and/or New York State Debtor and Creditor Law §§273, *et seq.*; and/or (b) object to the Debtor's discharge under Bankruptcy Code §727.

14. The Trustee needs information from the Debtor regarding the Transfer, including, but not limited to any and all: (1) evidence of the Transfer, including the deed and recording information of same; (2) copies of any and all mortgage statements related to the Real Property; (3) substantiated value of the Real Property as of (i) November 2012; (ii) March 2017; and (iii) the Petition Date; and (3) any and all documents reflecting rental payments or other income received by Joseph, Mira, and Isabel for the use and occupancy of the Real Property between November 2012 and the Petition Date, including, but not limited to, bank statements and lease agreements (the "Document Request").

15. Based on the foregoing, Debtor requests that the Court enter an order compelling: (a) documents responsive to the Document Request; and (b) appearance of a Debtor to be examined as to the information contained in such production.

16. No previous request for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order compelling the Debtor to: (1) produce the Document Demands; (2) appear for an examination as to same; and (3) grant such other and different relief as the Court deems just and proper.

Dated: August 6, 2018
       Islandia, New York

By: _____

**MACCO & STERN, LLP**
Attorneys for the Trustee

Cooper J Macco
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900